Good morning, ladies and gentlemen. My name is David Neumeister. I was the attorney that handled the case originally, and although my sister briefed it, I want to argue it. The issue in this case, I think, is very narrow, and that is whether the language of an abstract of judgment can establish, as Vidal requires, that the evidence before the immigration judge unequivocally established that the petitioner pled guilty to all of the elements of a theft offense to qualify as an aggravated felony under the Immigration Code. So the government argues in this case that after Vidal and Hanouliar, which, in my view, absolutely... Well, but Anaya seems to say that an abstract can. It's just whether this abstract can, isn't it? Anaya, yes. Anaya says that the Court can rely on an abstract. An abstract is reliable evidence, and in that case, in Anaya, the question was whether the defendant had been convicted of possession of a firearm or some other crime. So it's not can, it's did it. The question is, did this abstract do that, right? The question, I think, is does this abstract establish what facts the defendant pled to? In Anaya, in the very first paragraph of the decision, we are told that the complaint, which was also an exhibit in that case, tells us what the predicate offense was. Anaya was convicted of felony driving under the influence, causing great bodily injury. And then the Court held that since the abstract, which had only the words... Well, I think to focus you, what you need is from the standpoint, obviously, maybe at the time, we have Vidal and we have Hanouliar too. And there's no petition for cert on Hanouliar too that's final. So the question is, in light of those two, and you have this abstract, is this abstract, you know, if we have to follow Vidal and Hanouliar too, is this abstract different from Hanouliar too in the sense that it, I think as the government's going to argue, saying that it is different and therefore it can be distinguished? Okay. The answer to that question, I believe, is by looking at the text of Hanouliar, we don't know. The majority in that case says that we have a complaint that just alleges the, basically the statute, the generic definition of the statute. Okay. The complaint alleged take or drive. Correct. This narrows it down to take. It says he was convicted of taking a vehicle without the owner's consent. Right. But neither taking or driving would make a difference in terms of the, of whether it's an aggravated felony. Why is that? Or not. If he's actually taking the vehicle. With the intent to temporarily, I think the only way that one cannot be an aggravated felon after Vidal and Hanouliar is if it's possible that he was convicted as an accessory after the fact. That's the way. But it doesn't say here that he was an accessory. But it didn't in Vidal or Hanouliar either. Hanouliar, more importantly, because Vidal didn't even have an abstract of judgment. Hanouliar has an abstract of judgment, and we don't know what the language in that abstract is, but the majority says it was an abstract of judgment that reflected that he'd been convicted of a violation of this statute. But now after Annihia, we know that we can attach a verity to the abstract. We can, but in Annihia, it was very different for a couple of reasons. Number one, in Annihia, we can't ignore the complaint that tells us exactly what that offense was, that what the felony was, that he was, that the possession of a weapon by a felon. We know what the felony was because we have a combination of the two documents. The abstract in that case said possession of a weapon by a felon as opposed to, you know, a misdemeanor or other drug crimes, which are also included in that statute. But under your theory, couldn't that fellow have been in Annihia, couldn't he have been an accessory after the fact, a felon in possession? No. Why? Well, because it's a different statute. So? It's only under this statute, I think, which actually specifically incorporates accessory to, and this Court has interpreted that to mean accessory after the fact. That's my point. He could have been convicted of being an accessory after the fact to taking or driving. That is my argument. And that's one of the ways it can be violated. Correct. But that's not what they, that's not what he apparently was convicted of. Well, the complaint in this case is identical to the complaint in Pannulliar and Vidal. We don't know what the abstract said in Pannulliar. There was no abstract in Vidal. In our case, the abstract, which is at 131 in the record, tells us that he pled guilty to count one, which is the statutory language, just like in Vidal and Pannulliar, of the vehicle code and of dissection, and then under crime. And we don't know what Pannulliar said under crime. I don't think we can assume that it was blank. It's a form and that space is supposed to be filled in. Our case says, take vehicle without owner's consent. Our position is that it's just a shortened version. It is exactly what an abstract is supposed to be. It's a summary, an abstract of the, basically the title of that section of law. If we take the position that these words, take vehicle without owner's consent, actually means more than the complaint did in this case, that a clerk at the sentencing hearing a month after my client was convicted can somehow divine what facts that the defendant pled to a month earlier. They don't divine it. I mean, they're there in the courtroom and this is what's produced. The sentencing hearing, in this case, when this document was produced, we know that the document, by looking at it, we know it was produced a little more than a month after he pled guilty. So here we are in court a month later at a sentencing hearing and what does the clerk have to look at? Presumably, we don't know whether it's the same clerk or not because we only have the complaint in this document. So we have a clerk, maybe a different clerk, looking at the record, having just listened to a sentencing hearing where my client was We know that unless it was the same clerk who can remember back more than a month ago, we don't know what was said during a plea exchange. We don't know what facts that he pled to. I think you're going in a place that you don't go with an abstract of judgment. It's just what does the abstract of judgment say? And you can't say, I mean, let's say it said the exact words that you didn't want and you could say, well, you know, I think maybe the clerk made a mistake or something. It's the abstract of judgment. It's an official record. It is, and I'm not saying that the clerk made a mistake in this case. What difference does it make if it said take or drive? The only thing that would make that would clear my client would be if it said accessory to, which Vidal says means accessory after. And so it doesn't say one way or the other, right? It does not say, but what I'm saying is that this abstract just gives the jailer, this is, the purpose of an abstract, as Anaya holds, is to provide a summary of the conviction sufficient to give the person executing this offer, in other words, the person who's going to execute the sentence, enough information to carry out that sentence. In this case, the problem is, and I think Judge Callahan tried to answer, it kind of gets to be, so what? The abstract says, gives a title. So this is what the crime was. It doesn't say whether it was accessory or not accessory. Say either way. That is exactly, actually, that is exactly my point. And it is just a summary. Well, that's not quite your point. You're just getting very convoluted in what you're talking about. Actually, I think that all these four words mean is that this is the statute that he was convicted under, just like Pannulliere did. He was convicted of joyriding, of taking a vehicle without an owner's consent. Our case is... Your best argument, and I'm going to tell you what your best argument is, your best argument is, in light of Vidal and Pannulliere, that the generic charging and the charging documents are virtually identical, and they can't be distinguished, and we're bound to follow precedent. That's your best argument. If I may, Your Honor, there's one other big fact in this case, and that is that the complaint in this case has two defendants. It exponentially multiplies the number of possibilities, the number of ors, that one could have been the principal, the other could have been the accessory. That's right in the record. It's right in the complaint. And you don't think the abstract narrows it down? I don't. I think both of one were principal and one were the accessory. Under the statute, everything is identical. Accessory in this particular statute, unlike any other statute that I know of, is part of the actual crime itself. Thank you very much, Mr. Domenico. Good morning, Your Honors, and may it please the Court. My name is Catherine Clark, appearing on behalf of the Attorney General. Since you don't have a lot of time, that basically your brief contends that the felony complaint does not simply contain generic statutory language from PO Code Section 10851, and thus is distinguishable from Pannuliere. But my question is how do you reconcile the fact that this rule against generic charging comes from Pannuliere and Vidal, and the charging documents in those cases are virtually identical to the charging documents here? I mean, this is not a happy area for me. But I do have to follow Ninth Circuit precedence. And the abstract of judgment and Annihia are exactly what enables that distinction here. In Annihia, there was no need to refer back to the complaint. And just as in Annihia here, the abstract of judgment alone establishes the conviction for the taking offense, which is not. How does it do that? I mean, it's all a taking offense. Whether you're an accessory or not an accessory, it's a taking offense. Is it not? No. If you're an accessory, it's not a taking offense. I thought that's what the statute said. The take language describes the particular action that Petitioner pled to and stated that he committed as part of the plea. And taking, under the logic of Vidal and Pannuliere, is the exact action that causes the offense. The rationale of the accessory after the fact question in Pannuliere and Vidal was that an accessory after the fact conviction is not for an action that causes the offense. Taking, under simple common sense, means that an individual, a defendant, has caused the offense to occur. So if I'm an accessory after the fact to burglary, you'd say I'm not convicted of burglary because I didn't cause the burglary? Is that your argument? That the rationale of the... I'm just asking, is that your argument? I wouldn't want to speculate on particular situations regarding burglary. The issue in that case... How do you distinguish this case from a burglary? The issue in that case would be whether the record of conviction established would be whether the record of conviction established that the defendant caused the offense. Well, doesn't this particular statute, I don't know about the burglary statute, but doesn't this particular statute have as an accessory one of the ways that this offense could be committed? Perhaps I misspoke regarding the characterizing the issue as a taking offense. The taking is the action here. Whether or not the statute can somehow be characterized in general as a taking offense. The issue is whether here petitioner actually pled to the action of taking, and he did. And the action of taking in and of itself is what causes the offense to occur under the rationale of Vidal and Panuliar. And under that rationale, one cannot be an accessory after the fact if one has caused an offense to occur. And a taking here causes an offense to occur and causes the 10851A offense to occur. Whatever may be the situation under a particular burglary statute is irrelevant to this case because here a taking is what causes the offense. It is not clear what would be necessary for a record of conviction in a burglary offense to be relevant here. Here ANIA is dispositive. What about the driving part of the offense? Does the driving cause the offense? There is a California Supreme Court case, People v. Garza, which holds that a taking is a theft under 10851A. I think people in California call it a 10851. Okay. In that case, in a 10851A case, a taking is a theft under California law. And regardless of what a driving offense would be, that is not at issue here. Here we have a taking conviction based on the abstract of judgment, and in ANIA the court specifically looked to the crime line of the abstract of judgment as we would need to do here. And that statute in ANIA had two prongs. It had the possession of a firearm as a felon prong and the possession of a firearm as a narcotic addict prong. And the simple name of the crime there, possession of a firearm by a felon, was enough to show that it was under the possession by a felon prong. Here it's similar. Look to the name of the crime in the abstract of judgment, and it shows which part of the 10851A statute petitioner was convicted of. Are you saying that in California, are you representing it was in California, if you're being charged under, if you've been found guilty under 10851, a driving offense, and that's what it says in the abstract, you cannot have been, it cannot be because you're an accessory. It would have to say accessory after the fact to be that. Is that what you're representing? I'm not making a representation about a driving conviction in the context of this case because that is not an issue here. Taking. Taking. If your abstract of judgment says that you're guilty of a taking under 10851A, if you like, you cannot be an accessory. You must not have been an accessory because all the abstract says was a taking. To make you have been convicted of being an accessory, it must say accessory in the abstract. Is that what you're saying? Yes, because the ordinary meaning of taking is... I'm not asking about the ordinary. I'm telling you, is that how California abstracts are done? You're representing that that's how an abstract would read in California, and if it doesn't say accessory, you're not an accessory. Is that what you're representing? And do you have anything to support that representation? There have been no 10851A convictions that have under... Excuse me. You're telling us that's the case, so I'm trying to find out. You're telling us that if it doesn't say accessory, he cannot have been an accessory, and I'm asking you, why does the abstract tell me that? Because the abstract says that he was convicted of taking, and taking is not an accessory-type action. And you are not answering my question. I'm asking you, in California, if the abstract does not say accessory, then he cannot have been an accessory. Is that what you're representing? There's no California law directly on point to that question that I'm aware of. Well, then, what California law are you relying on to tell us that the absence of the word accessory means he was not, as a matter of law, an accessory? What are you relying on to tell us that if there's no California law that says that? I think you just said that. The common sense meaning of taking under the rationale of Vidal and Pannulliar, which states that any action that causes the offense is not... So the answer is that common sense tells us that if accessory is not in there, it's not an accessory. But it's not the California accessory, California abstract law tells us that. Is that correct? I just want to be sure what you're telling me. As far as I'm aware, there's no specific abstract of judgment law in California regarding accessory after the fact. And another very important point here is that Petitioner bears the burden of proof to show that he was not convicted of an aggravated felony. Here, this is not a case where the government had to establish removability by clear, unequivocal, and convincing evidence. This is a case where Petitioner had to show that he was eligible for cancellation of removal. Here, Petitioner had to show that his conviction was not an aggravated felony, so he had to show that his abstract of judgment could have been for, could have described a conviction for accessory after the fact. He says, I want cancellation. Right. And then the government comes back and says, but wait a minute, you have an aggravated felony. I don't think you have the burden of proving that your objection to his cancellation is well taken. No, the government did not have the burden of proving that. You can just say, I think he's an aggravated felon, and sit down. Under Sandoval Lua, and additionally a board case issued just yesterday citing Sandoval Lua, the Petitioner seeking relief has the burden to introduce documents. But he may ultimately have the burden of proof. Don't you have the burden of coming forward with, you say he's an aggravated felon. Here's my document. You don't think you have to, as the proponent of that, have to prove that he's an aggravated felon and shift it back to him? The Petitioner retains the burden to introduce those documents to show that there is at least He has not done that here. He has the record of conviction clearly indicates that he is an aggravated felon. And in any case, the burden would be on him to show that it is ambiguous. Okay. Thanks, Ms. Clark. Mr. Neumeyer, thank you, too. You're out of time. We'll submit this case on the record. Thank you. Bye-bye. Okay. We're done. Thank you. 0870097 Salazar Carmona v. Holder. Each side will have ten minutes.
judges: Fernandez, Silverman, Callahan